MRS. MOZELLE STEPHENSON, ADMINISTRATRIX OF THE ESTATE OF LEO B. STEPHENSON, v. CITY OF RALEIGH.

(Filed 3 May, 1950.)

**1. Pleadings § 15—**

Upon demurrer the facts alleged in the complaint, as well as relative inferences of fact necessarily deducible therefrom, are taken as true.

**2. Municipal Corporations § 12—**

A municipality may be held liable for torts of its officers or employees committed in performance of its corporate or private functions, but in the absence of statutory provision to the contrary it may not be held liable for such torts committed in performance of a public or governmental function.

**3. Same—**

In collecting and removing shrubbery and tree prunings from the homes of citizens pursuant to authority conferred by law for the public benefit a municipality is exercising a governmental function, and it may not be held liable for the negligence of its servants in the performance of such duties in the absence of statutory liability.

**4. Municipal Corporations § 5—**

A municipal corporation has only those powers conferred by statute and those necessarily implied by law. G.S. 160-1.

**5. Same: Municipal Corporations § 12—**

A municipal corporation has no authority to waive its immunity from tort liability in performance of its governmental functions.

**6. Municipal Corporations § 12—**

A provision in a liability policy obtained by a municipality that insurer would not claim exemption from liability to the named insured because of any legal exemption of insured from liability arising by reason of its being a municipal corporation, is for the protection of the municipality only, and does not purport to create liability on the part of the municipality to anyone who may suffer negligent injury as a result of acts of officers or employees in the performance of a governmental duty.

APPEAL by defendant from *Williams, J.,* at October Civil Term, 1949, of WAKE.

Civil action to recover damages for alleged wrongful death of plaintiff's intestate allegedly resulting from actionable negligence of defendant —heard upon demurrer to complaint and on motion to strike certain portion of the complaint and the amended complaint.

Plaintiff alleges in her complaint, in pertinent aspect, summarily stated: That about 9 o'clock p.m. on 21 April, 1949, Leo B. Stephenson, intestate of plaintiff, came to his death on St. Mary's Street in the city of Raleigh when the motor scooter he was riding collided with the rear end of a truck, owned by defendant, and then being used by employees of defendant and under its supervision and direction in collecting and removing prunings from shrubbery and trees from the homes of citizens and residents of the city,—the obligation of collecting and removing of which being assumed and discharged pursuant to authority of law; that the death of plaintiff's intestate was the proximate result of the negligence of defendant; and (paragraph 11) that even though this action may be directed at defendant for acts of alleged negligence occurring in the discharge of its governmental or police powers, defendant is a party to a contract voluntarily entered into by defendant, and in effect at the time plaintiff's intestate came to his death, providing, among other things, that in the event tort action, such as this, is brought against defendant, it will not plead its immunity.

Defendant demurred to the complaint herein for that it does not state facts sufficient to constitute a cause of action, in that it appears upon the face of the complaint:

1. That plaintiff's intestate was killed when the motorcycle he was riding collided with a garbage truck which at the time was being used by defendant in the discharge of its governmental powers, for which under the laws of North Carolina no recovery can be had.

2. That plaintiff is seeking to recover because of the existence of a contract alleged to have been entered into by defendant to the effect that in a tort action, such as this, defendant will not plead its immunity, and it does not appear whether the alleged contract is written or oral; and there is no reference to the name of the other contracting party, if any,

and there is no allegation from which the court may determine the validity or effect of such alleged contract; and said portions of the complaint contains only pleader's interpretation and conclusions, and does not contain a plain and concise statement of facts tending to constitute a cause of action, as required by law.

3. That such alleged contract with respect to waiver of a right to plead immunity, if valid or binding, contains only the alleged provision with respect to pleading immunity, and could not create a liability which, under the law, does not exist, such liability being contrary to public policy; and the complaint is grounded on the alleged negligence of defendant, and not on contract.

4. That plaintiff's intestate was guilty of contributory negligence as a matter of law in specified respect.

Thereafter plaintiff, filing amended complaint, alleges:

"1. That at the time mentioned in the complaint filed herein the defendant City of Raleigh carried public liability insurance with Glen Falls Indemnity Insurance Company of Glen Falls, N. Y.; that the public liability policy was procured by the City on January 18, 1949, and continues in effect until January 18, 1950, and provides coverage in the amount of $50,000 on each accident and $25,000 on each person; that attached to the policy and a part thereof is a schedule listing by number the motor vehicles owned and operated by the City and covered by the policy; that included in the list of vehicles is City Car #21, a 1½-ton Dodge truck used in the Sanitary Department, which truck, as this plaintiff is informed and believes and on such information and belief alleges, is the truck involved in this action.

"2. That the portion of the policy hereinbefore described providing for public liability coverage was bought by the City of Raleigh at a cost of $2,470.33, which sum is the premium paid for the public liability portion of the policy, and the defendant paid to Glen Falls Indemnity Insurance Company from tax moneys collected from the citizens of Raleigh the said sum of $2,470.33, and received a public liability policy covering certain motor vehicles described in the policy which the defendant owns and operates over and along the streets of the City of Raleigh in the collection of trash and garbage and in the discharge of other services the defendant performs for the citizens of the City of Raleigh.

"3. That among the provisions and agreements set out in the said public liability policy are the following:

## " 'INSURING AGREEMENTS

" '1. *Coverage A—Bodily Injury Liability.* To pay in behalf of the insured all sums which the insured shall become obligated to pay as damages because of bodily injury, sickness or disease, including death, at

any time resulting therefrom, sustained by any person, caused by accident or arising out of the ownership, maintenance or use of any automobile.'

## " 'MUNICIPALITY ENDORSEMENT

" 'It is hereby agreed the Companies will not, in case of loss or damage arising under this policy during the term thereof, claim exemption from liability to the named insured because of any statute, ordinance or other legal restrictions, whereby the named assured shall, by reason of its being a municipal corporation, be legally exempt from liability for damage, and that in all cases of loss or damage, settlement shall be made as herein provided the same as though the named assured were a private corporation.'

"4. That this plaintiff is advised and believes and upon such advice and belief alleges that the defendant, when it bought the said public liability policy and paid for the same from public funds, intended to purchase and did purchase indemnity against liability, and the company, Glen Falls Indemnity Insurance Company, intended to really insure and not have the defendant, City of Raleigh, pay a premium out of public funds for nothing.

"5. That this plaintiff is advised and believes and upon such advice and belief alleges that even though the defendant, City of Raleigh, may be immune from liability in actions such as this, the defendant, City of Raleigh, could waive its immunity in the event the defendant, City of Raleigh, procured indemnity from liability which might arise by reason of such waiver, as was done in this instance. That the defendant, City of Raleigh, having purchased for a large consideration indemnity from liability, the defendant, City of Raleigh, defending for the Glen Falls Indemnity Insurance Company, cannot defend upon the grounds that the damage or loss complained of occurred in the discharge of a governmental function."

Defendant, thereupon, moved the court to strike out the amended complaint upon the ground that the allegations contained therein are irrelevant, immaterial, redundant and highly prejudicial to defendant, and to strike out paragraph 11 of the original complaint, etc.

When the cause came on for hearing on the demurrer, and the motion to strike, the court overruled the demurrer, and denied the motion to strike. From order in accordance therewith, defendant appeals to Supreme Court, and assigns error.

*T. Lacy Williams for plaintiff, appellee.*

*Wm. C. Lassiter and Douglass & McMillan for defendant, appellant.*

WINBORNE, J.   Admitting the truth of the allegations of fact set forth in the complaint, as well as relevant inferences of fact necessarily deducible therefrom, as we do in testing the sufficiency of a complaint, challenged by demurrer, *Parks v. Princeton,* 217 N.C. 361, 8 S.E. 2d 217, and numerous other cases, we are of opinion that the complaint fails to state a cause of action against the defendant, City of Raleigh, a municipal corporation.

Decisions on the subject in this State uniformly hold that, in the absence of some statute which subjects it to liability therefor, a city or town, when acting in its corporate character, or in the exercise of powers for its own advantage, may be liable for the negligent acts of its officers and agents; but when acting in the exercise of police power, or judicial, discretionary, or legislative authority, conferred by its charter or by statute, and when discharging a duty imposed solely for the public benefit, it is not liabile for the tortious acts of its officers and agents. *Parks v. Princeton, supra.*   See also *Hill v. Charlotte,* 72 N.C. 55; *McIlhenney v. Wilmington,* 127 N.C. 146, 37 S.E. 187; *Harrington v. Greenville,* 159 N.C. 632, 75 S.E. 849; *Snider v. High Point,* 168 N.C. 608, 85 S.E. 15; *James v. Charlotte,* 183 N.C. 630, 112 S.E. 423; *Cathey v. Charlotte,* 197 N.C. 309, 148 S.E. 426; *Broome v. Charlotte,* 208 N.C. 729, 182 S.E. 325; *Lewis v. Hunter,* 212 N.C. 504, 193 S.E. 814; *Hodges v. Charlotte,* 214 N.C. 737, 200 S.E. 889; *Millar v. Wilson,* 222 N.C. 340, 23 S.E. 2d 42.

Applying these principles to the facts alleged in the complaint, if it be conceded that there are allegations of negligence on the part of defendants, through its agents and employees, proximately causing the injury to and death of plaintiff's intestate, it appears that the acts in which the agents and employees of defendant were using the truck at the time in question,—the collecting and removing prunings from shrubbery and trees from homes of citizens and residents of the city,—were in pursuance of authority conferred by law for the public benefit, and come within the principle that unless a right of action is given by statute a municipality may not be held liable to individuals for failure to perform, or negligence in performing duties which are governmental in their nature.   See particularly the cases of *Snider v. High Point, supra; James v. Charlotte, supra,* and *Broome v. Charlotte, supra,* each of which is of kindred nature to the one in hand.

And the appellee cites, and we know of, no statute imposing liability upon municipalities, cities and towns for torts committed by their officers, agents or employees, in connection with the performance of governmental functions.

Now, in respect of the allegations of paragraph 11 of the complaint, appellee contends that defendant, City of Raleigh, has waived its immu-

nity to tort liability. If this be conceded, the question arises as to whether the City of Raleigh has the power and authority to do so. In this connection, it must be borne in mind that the Legislature has declared that "every incorporated city or town is a body politic and corporate, and shall have the powers prescribed by statute, and those necessarily implied by law, and no other." G.S. 160-1. And the decisions of this Court are uniform in applying this statute as it is written. In the recent case of *Nash v. Tarboro,* 227 N.C. 283, 42 S.E. 2d 209, it is said: "A municipal corporation is a political subdivision of the State and 'can exercise only such powers as are granted in express words, or those necessary or fairly implied or incident to the powers expressly conferred, or those essential to the accomplishment of the declared objects and purposes of the corporation.' 37 Am. Jur. 722," citing cases. And we know of no statute, and none is called to our attention that empowers any city, town or other municipality to waive immunity to tort liability, directly or indirectly. In the absence of such a statute a city, or town, or other municipality has no power to abrogate the rule. The cases relied upon by appellee are distinguishable. The case *Taylor v. Knox County Board of Education,* 292 Ky. 767, 167 S.W. 2d 700, upon which appellee most strongly relies, is differentiated from the case in hand, in that the decision there is based upon an act of the General Assembly passed in 1940.

Thus we hold that the demurrer to the complaint is well founded, and should have been sustained.

Moreover, plaintiff, appellee, by amending the complaint, has undertaken to spell out the terms of, and the conditions pertaining to the alleged contract,—of waiver of immunity,—an insurance policy. But reference to the quoted portion clearly reveals that the policy is one of indemnity against loss, and protects only the insured, the City of Raleigh, and does not purport to create liability to anyone who may suffer tortious injury as result of acts of officers, agents or employees of the city in the performance of governmental duties. Thus the amendments are deemed to be immaterial and irrelevant to the cause of action attempted to be alleged in the complaint. Hence the motion to strike has merit,—and should have been allowed.

For causes stated, the judgment from which appeal is taken is
Reversed.