DAVID PHILLIP LYTLE, Plaintiff,
v.
SY MATTHEW RICE, in his individual capacity and as a Police Officer for the City of Asheville; CITY OF ASHEVILLE; DANIEL JAROMY EDNEY; KYLE EDWARD McMAHAN, Defendants.
No. COA08-226
Court of Appeals of North Carolina.
Filed December 2, 2008
This case not for publication
No brief filed, for plaintiff-appellee.
Barbour Law Firm, PLLC, by Frederick S. Barbour; and City of Asheville, by Assistant City Attorney Curtis W. Euler for defendants-appellants.
JACKSON, Judge.
Sy Matthew Rice ("Officer Rice") and the City of Asheville ("the City") (collectively "defendants") appeal the denial of their motion for summary judgment. For the reasons stated below we reverse in part and affirm in part.
In the early morning hours of 28 December 2003, David Phillip Lytle ("plaintiff") was riding as a passenger in a car driven by Daniel Jaromy Edney ("Edney"). Plaintiff had consumed twelve to twenty-four beers as well as a couple of shots of liquor at Edney's home that evening. In addition, plaintiff and Edney had smoked marijuana together.
Officer Rice  a police officer with the City  observed Edney's vehicle driving erratically and swerving in the roadway left of center. Edney failed to stop when Officer Rice activated his blue lights and siren. A chase ensued. The chase took place over various roads and highways, covering a distance of more than seven miles. Eventually, Edney made an abrupt U-turn on U.S. 70. Officer Rice was unable to avoid Edney's car and "clipped his left rear quarter." Officer Rice did not see the car's interior light come on or see the passenger door open.
After Officer Rice turned around to continue the chase, he "hit a bump in the road" and used his radio to advise that he had hit something he assumed to have been a piece of the car. After resuming the chase, Edney slowed suddenly and Officer Rice had to swerve to avoid striking the car again. Edney also swerved and ran the vehicle off the road. He then exited the vehicle and began running through a field on foot. Ultimately, Officer Rice apprehended Edney in the field. The "bump in the road" proved to be plaintiff. It is unclear whether plaintiff got out of the car, fell out of the car, or was thrown from the car.
On 17 January 2007, plaintiff filed a complaint for personal injuries sustained in the incident against several defendants, including Officer Rice and the City. On or about 26 September 2007, defendants filed a motion for summary judgment, asserting various defenses, including public official immunity and governmental immunity. By order filed 13 November 2007, the trial court denied defendants' motion. Defendants appeal.
An appeal from the denial of a motion for summary judgment is interlocutory because the trial court's order "does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." Veazey v. Durham, 231 N.C. 357, 362, 57 S.E.2d 377, 381, reh'g denied, 232 N.C. 744, 59 S.E.2d 429 (1950) (citing Johnson v. Roberson, 171 N.C. 194, 88 S.E. 231 (1916)). Interlocutory orders generally are not immediately appealable. Sharpe v. Worland, 351 N.C. 159, 161, 522 S.E.2d 577, 578 (1999) (citations omitted). However, an interlocutory order may be appealed immediately if it affects a substantial right of the parties. N.C. Gen. Stat. § 1-277(a) (2007). This Court has held that claims of immunity affect a substantial right entitled to immediate appeal. See e.g., Summey v. Barker, 142 N.C. App. 688, 689, 544 S.E.2d 262, 264 (2001) (holding public official immunity affects a substantial right and is immediately appealable).
Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007). The moving party bears the burden of showing that no triable issue of fact exists. Pembee Mfg. Corp. v. Cape Fear Constr. Co., 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985) (citing Texaco v. Creel, 310 N.C. 695, 699, 314 S.E.2d 506, 508 (1984)). One means of doing so is to show that the non-moving party cannot surmount an affirmative defense which would bar the claim. Collingwood v. G.E. Real Estate Equities, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989) (citations omitted).
A trial court's rulings on summary judgment motions are reviewed by this Court de novo. Forbis v. Neal, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007) (citing Builders Mut. Ins. Co. v. North Main Constr., Ltd., 361 N.C. 85, 88, 637 S.E.2d 528, 530 (2006)). In deciding a motion for summary judgment, a trial court must consider the evidence in the light most favorable to the non-moving party. See Summey v. Barker, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003) (citing Dobson v. Harris, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000)). If there is any evidence of a genuine issue of material fact, a motion for summary judgment should be denied. Howerton v. Arai Helmet, Ltd., 358 N.C. 440, 471, 597 S.E.2d 674, 694 (2004).
We first address defendants' argument that plaintiff's claims against the City and Officer Rice in his official capacity are barred by governmental immunity. We agree.
Pursuant to the doctrine of governmental immunity, a municipality is not held liable for the torts of its officers and employees if those torts are committed while the officers or employees are performing a governmental function. Taylor v. Ashburn, 112 N.C. App. 604, 607, 436 S.E.2d 276, 278 (1993), cert. denied, 336 N.C. 77, 445 S.E.2d 46 (1994) (citations omitted). "Ordinarily, a municipality providing police services is engaged in a governmental function for which there is no liability." Coleman v. Cooper, 89 N.C. App. 188, 192, 366 S.E.2d 2, 5, disc. rev. denied, 322 N.C. 834, 371 S.E.2d 276 (1988), overruled on other grounds by Hunt v. N.C. Dept. of Labor, 348 N.C. 192, 499 S.E.2d 747 (1998). "That immunity is absolute unless the City has consented to being sued or otherwise waived its right to immunity." Schlossberg v. Goins, 141 N.C. App. 436, 440, 540 S.E.2d 49, 52 (2000), disc. rev. denied, appeal dismissed, 355 N.C. 215, 560 S.E.2d 136 (2002) (citations omitted).
A city may elect to waive its governmental immunity pursuant to North Carolina General Statutes, section 160A-485, which authorizes cities to purchase liability insurance. N.C. Gen. Stat. § 160A-485(a) (2007). If the city purchases such liability insurance (or participates in a local government risk pool), "[i]mmunity shall be waived only to the extent that the city is indemnified by the insurance contract from tort liability." Id. North Carolina General Statutes, section 160A-167 authorizes cities to appropriate funds for the purpose of paying all or part of a claim made or any civil judgment entered against [it or its officers] when such claim is made or such judgment is rendered as damages on account of any act done or omission made, or any act allegedly done or omission allegedly made, in the scope and course of his employment . . . .
N.C. Gen. Stat. § 160A-167(b) (2007). "Action by the City under [section] 160A-167 does not waive immunity." Blackwelder v. City of Winston-Salem, 332 N.C. 319, 324, 420 S.E.2d 432, 436 (1992).
The City asserted in the affidavit of its risk manager that since 1 September 1993, it has adhered to the Blackwelder model for claims of less than $500,000.00. Plaintiff sought judgment against defendants in the amount of $250,000.00. Because the City has not purchased liability insurance for claims of less than $500,000.00, and does not participate in a risk pool, it has not waived its immunity. Therefore plaintiff's claims against the City and Officer Rice in his official capacity are barred and the trial court erred in this respect.
Defendants also argue that Officer Rice has no liability in his individual capacity and that plaintiff's claim is barred by public official immunity. We are without sufficient information to address this argument.
"It is settled law in this jurisdiction that a public official, engaged in the performance of governmental duties involving the exercise of judgment and discretion, may not be held personally liable for mere negligence in respect thereto."Smith v. Hefner, 235 N.C. 1, 7, 68 S.E.2d 783, 787 (1952) (citations omitted). Police officers are public officials entitled to immunity. Shuping v. Barber, 89 N.C. App. 242, 248, 365 S.E.2d 712, 716 (1988) (citing McIlhenney v. Wilmington, 127 N.C. 146, 150, 37 S.E. 187, 188 (1900)). However, they "are not shielded from liability if their alleged actions were corrupt or maliciousor if they acted outside of and beyond the scope of their duties." Id. (citations omitted). "[I]n any civil action resulting from the vehicular pursuit of a law violator, the gross negligence standard applies in determining the officer's liability." Parish v. Hill, 350 N.C. 231, 238, 513 S.E.2d 547, 551, reh'g denied, 350 N.C. 600, 537 S.E.2d 215 (1999) (emphasis in original).
We note that defendants have included as exhibits to the record on appeal only a small portion of the deposition testimony of several witnesses  thirty-four of over 206 pages. Although a partial transcript is allowed, pursuant to Rule 9 of the North Carolina Rules of Appellate Procedure, "review is solely upon the record on appeal and the verbatim transcript of proceedings, if one is designated, constituted in accordance with this Rule 9[.]" N.C. R. App P. 9(a) (2007). "[W]hen the verbatim transcript is designated to show the testimonial evidence, so much of the testimonial evidence must be designated as is necessary for an understanding of all errors assigned." N.C. R. App. P. 9(c)(2) (2007). Defendants assigned error to the denial of summary judgment. Complete deposition testimony is necessary to our understanding of the alleged error.
Defendants assert in their brief that "[t]here is no evidence in the Record to create an issue of fact that Officer Rice acted with gross negligence causing the Plaintiff's injuries." However, without complete transcripts we can not assess adequately the veracity of this statement. "It is the duty of the appellant to see that the record is properly prepared and transmitted[,]" Tucker v. Telephone Co., 50 N.C. App. 112, 118, 272 S.E.2d 911, 915 (1980) (citingHill v. Hill, 13 N.C. App. 641, 642, 186 S.E.2d 665, 666 (1972)), and that the record is complete. Faulkenberry v. Faulkenberry, 169 N.C. App. 428, 430, 610 S.E.2d 237, 239 (2005) (citations omitted). We cannot conduct a proper de novo review without having the same information as was available to the trial court. Because "[a]n appellate court is not required to, and should not, assume error by the trial judge when none appears on the record before the appellate court[,]"State v. Williams, 274 N.C. 328, 333, 163 S.E.2d 353, 357 (1968), the order denying summary judgment must be affirmed as to plaintiff's claims against Officer Rice in his individual capacity.
Reversed in part and Affirmed in part.
Judges STEELMAN and STROUD concur.
Report per Rule 30(e).