IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA15-912

 Filed: 7 June 2016

Guilford County, No. 09 CVS 2437

DAVID WRAY, Plaintiff,

 v.

CITY OF GREENSBORO, Defendant.

 Appeal by Plaintiff from order entered 8 May 2015 by Judge James C. Spencer,

Jr., in Guilford County Superior Court. Heard in the Court of Appeals 26 January

2016.

 Carruthers & Roth, P.A., by Kenneth R. Keller and Mark K. York, for the
 Plaintiff-Appellant.

 Smith Moore Leatherwood LLP, by Patrick M. Kane, and Mullins Duncan
 Harrell & Russell PLLC, by Alan W. Duncan and Stephen M. Russell, Jr., for
 the Defendant-Appellee.

 Wilson, Helms & Cartledge, LLP, by Lorin J. Lapidus, and NCLM, by General
 Counsel Kimberly S. Hibbard and Associate General Counsel Gregory F.
 Schwitzgebel, III, for Amicus Curiae, North Carolina League of Municipalities.

 DILLON, Judge.

 David Wray (“Plaintiff”) brought suit against his former employer (Defendant

City of Greensboro) to recover certain employee benefits he claims he was due. The

trial court dismissed Plaintiff’s claim based on governmental immunity. For the
 WRAY V. CITY OF GREENSBORO

 Opinion of the Court

following reasons, we reverse the order of dismissal and remand the matter for

further proceedings.

 I. Background

 In 1980, the City of Greensboro passed a resolution (the “City Policy”) stating

that the City would pay for the legal defense and judgments on behalf of its officers

and employees with respect to certain claims arising from their employment.

 In 2003, Plaintiff became the Chief of Police for the City. In January 2006,

Plaintiff resigned from his position as Chief of Police at the request of the City

Manager, after alleged incidents within the Greensboro Police Department (the

“Department”) resulted in state and federal investigations of Plaintiff and the

Department.

 After his resignation, Plaintiff was named as a defendant in actions filed by

City police officers for Plaintiff’s alleged conduct occurring while he was serving as

Chief of Police.1 Plaintiff has incurred substantial litigation expenses in these actions

and has requested reimbursement from the City under the City Policy. However, the

City has declined Plaintiff’s request.

 Plaintiff filed this present action against the City seeking $220,593.71, the

amount he paid defending the lawsuits filed against him. The City moved to dismiss

the action pursuant to Rule 12(b)(1), (2) and (6) of the Rules of Civil Procedure. The

 1See Fulmore v. City of Greensboro, 834 F. Supp.2d 396 (M.D.N.C. 2011); Hinson v. City of
Greensboro, 232 N.C. App. 204, 753 S.E.2d 822 (2014).

 -2-
 WRAY V. CITY OF GREENSBORO

 Opinion of the Court

trial court granted the City’s Rule 12(b) motion to dismiss Plaintiff’s complaint,

concluding that the City was shielded by the doctrine of governmental immunity,

holding that the City had not waived its immunity. Plaintiff timely appealed.

 II. Summary of Holding

 The City’s motion to dismiss was made pursuant to Rule 12(b)(1), (2) and (6).

The trial court granted the City’s motion on the sole ground that the City was

“shielded by the doctrine of governmental immunity, which immunity has not been

waived.” The trial court based this holding on its conclusion that the City’s enactment

of the City Policy pursuant to its authority granted under N.C. Gen. Stat. § 160A-167

was not an action which waives governmental immunity. However, we hold that

Plaintiff has, in fact, set forth allegations that the City has waived governmental

immunity, though not based on the City’s act of enacting the City Policy, but rather

based on the City’s act of entering into an employment agreement with Plaintiff.

 Specifically, Plaintiff has made a breach of contract claim, essentially alleging

that he had a contract with the City to work for the City and that pursuant to the

City’s contractual obligations, the City is required to pay for his litigation expenses.

Importantly, the City is authorized to enter into employment contracts with its police

officers, and the City is authorized by N.C. Gen. Stat. § 160A-167 to enact a policy by

which it may contractually obligate itself to pay for certain legal expenses incurred

by these officers.

 -3-
 WRAY V. CITY OF GREENSBORO

 Opinion of the Court

 Whether the City is, in fact, contractually obligated to pay for Plaintiff’s

litigation expenses as alleged in the present case (under a theory that the City Policy

is part of his contract or based on some other theory) goes to the merits of Plaintiff’s

contract claim and is not relevant to our threshold review of whether the City is

immune from having to defend against these contract claims in court. Rather, we

merely hold that the trial court erred in dismissing Plaintiff’s complaint based on the

doctrine of governmental immunity, the only basis of its order. Accordingly, we

reverse the order of the trial court.

 III. Analysis

 In general, the doctrine of sovereign/governmental immunity “provides the

State, its counties, and its public officials with absolute and unqualified immunity

from suits against them in their official capacity.” Hubbard v. County of Cumberland,

143 N.C. App. 149, 151, 544 S.E.2d 587, 589 (2001). Under the doctrine of sovereign

immunity, it is the State of North Carolina which “is immune from suit [in the

absence of] waiver[,]” whereas under the doctrine of governmental immunity, counties

and cities are “immune from suit for negligence of [their] employees in the exercise of

governmental functions absent waiver of immunity.” Meyer v. Walls, 347 N.C. 97,

104, 489 S.E.2d 880, 884 (1997) (emphasis added).

 Our Supreme Court has instructed that when the State has the authority to

enter into a contract and it does so voluntarily, “the State implicitly consents to be

 -4-
 WRAY V. CITY OF GREENSBORO

 Opinion of the Court

sued for damages on the contract in the event it breaches the contract.” Smith v.

State, 289 N.C. 303, 320, 222 S.E.2d 412, 423-24 (1976). Likewise, a city or county

waives immunity when it “enters into a valid contract.” M Series Rebuild v. Town of

Mt. Pleasant, 222 N.C. App. 59, 65, 730 S.E.2d 254, 259 (2012) (citations omitted)

(emphasis in original). However, a municipality waives governmental immunity only

for those contracts into which it is authorized to enter. See Smith, 289 N.C. at 322,

222 S.E.2d at 425 (“The State is liable only upon contracts authorized by law.”).

 The relationship between a municipality and its police officers is, indeed,

contractual in nature. And a municipality is authorized to enter into employment

contracts with individuals to serve as police officers. Further, relevant to this appeal,

the General Assembly has authorized municipalities to provide for the defense of

their officers and employees in any civil or criminal action brought against a member

in the member’s official or individual capacity. N.C. Gen. Stat. § 160A-167 (1980).

We hold that under G.S. 160A-167, one way a municipality is authorized to provide

such benefit is by contract. We note that N.C. Gen. Stat. § 160A-167 is permissive;

the General Assembly does not require a city to make any provision for the defense

of employees, contractual or otherwise, but if a municipality does so, “[t]he city

council, authority governing board, or board of county commissioners . . . shall have

adopted . . . uniform standards under which claims made or civil judgments entered

 -5-
 WRAY V. CITY OF GREENSBORO

 Opinion of the Court

against . . . employees or officers, or former employees or officers, shall be paid.” N.C.

Gen. Stat. § 160A-167(c).

 In the present case, pursuant to its authority under N.C. Gen. Stat. § 160A-

167, the City passed the City Policy, which provided as follows:

 [It] is hereby declared to be the policy of the City of
 Greensboro to provide for the defense of its officers and
 employees against civil claims and judgments and to
 satisfy the same, either through insurance or otherwise,
 when resulting from any act done or omission made, or any
 act allegedly done or omission allegedly made, in the scope
 and course of their employment or duty as employees or
 officers of the City, except and unless it is determined that
 an officer or employee (1) acted or failed to act because of
 actual fraud, corruption or actual malice[,] or (2) acted or
 failed to act in a wanton or oppressive manner.

The City enacted the City Policy in 1980 and it remained in effect during the entire

time Plaintiff was employed by the City. Whether the City Policy is, in fact, an

element of Plaintiff’s employment contract and whether Plaintiff’s litigation expenses

are covered thereunder go to the merits of Plaintiff’s contract claim. However, in the

present appeal, we are not concerned with the merits of Plaintiff’s contract claims;

rather, we only address whether the City is shielded from having to defend against

those claims based on governmental immunity.

 It appears that Plaintiff was an at-will employee of the City. North Carolina

has traditionally embraced a strong presumption that employment is “at-will,” that

is, terminable at the will of either party. Soles v. City of Raleigh, 345 N.C. 443, 446,

 -6-
 WRAY V. CITY OF GREENSBORO

 Opinion of the Court

480 S.E.2d 685, 687 (1997) (internal citation omitted). However, the relationship

between an employer and an at-will employee is still contractual in nature. In terms

of benefits earned during employment, our Court has consistently applied a

unilateral contract theory to the at-will employment relationship. See Roberts v.

Mays Mills, Inc., 184 N.C. 406, 411-12, 114 S.E. 530, 533–34 (1922); White v. Hugh

Chatham Mem'l Hosp., Inc., 97 N.C. App. 130, 131–32, 387 S.E.2d 80, 81 (1990);

Brooks v. Carolina Telephone, 56 N.C. App. 801, 804, 290 S.E.2d 370, 372 (1982). A

unilateral contract is one where the offeror is the master of the offer and can

withdraw it at any time before it is accepted by performance. White, 97 N.C. App. at

132, 387 S.E.2d at 81. While the offer is outstanding, the offeree can accept by

meeting its conditions. Id.

 In sum, Plaintiff has essentially pleaded that he had an employment

relationship with the City and that the City has contractually obligated itself to pay

for his defense as a benefit of his contract. Whether the City is, in fact, obligated to

pay contractually by virtue of its passage of the City Policy goes to the merits and is

not the subject of this appeal.

 We are unpersuaded by the City’s argument that this case is controlled by our

Supreme Court’s holding in Blackwelder v. City of Winston-Salem, in which that

Court stated that “[a]ction by the City under N.C.G.S. § 160A-167 does not waive

immunity.” Blackwelder v. City of Winston-Salem, 332 N.C. 319, 324, 420 S.E.2d 432,

 -7-
 WRAY V. CITY OF GREENSBORO

 Opinion of the Court

436 (1992). The Supreme Court was referring to immunity from tort actions, stating

in the previous sentence that the General Assembly has expressly prescribed in N.C.

Gen. Stat. § 160A-485 that “the only way a city may waive its governmental immunity

is by the purchase of liability insurance.” Id. Extending the language in Blackwelder

to contract claims would lead to bizarre results. For instance, an employee would

have no remedy if his city-employer breached an express provision in his written

employment contract which stated that the city would pay for any G.S. 160A-167-

type litigation expenses he might incur defending a suit brought by a third party.

 We are further unpersuaded by the City’s argument that Plaintiff failed to

“specifically allege a waiver of governmental immunity.” Fabrikant v. Currituck

County, 174 N.C. App. 30, 38, 621 S.E.2d 19, 25 (2005). We agree that “[a]bsent such

an allegation, the complaint fails to state a cause of action.” Id. However, we do not

require precise language alleging that the City has waived the defense of

governmental immunity – “consistent with the concept of notice pleading, a complaint

need only allege facts that, if taken as true, are sufficient to establish a waiver[.]” Id;

see also Sanders v. State Personnel Com’n, 183 N.C. App. 15, 19, 644 S.E.2d 10, 13

(2007). Rather, we look to Plaintiff’s amended complaint to determine whether

Plaintiff has sufficiently alleged the City’s waiver of governmental immunity. See

Sanders, 183 N.C. App. at 19, 644 S.E.2d at 13. In the amended complaint, Plaintiff

alleges that he was employed by the City’s Police Department as the Chief of Police,

 -8-
 WRAY V. CITY OF GREENSBORO

 Opinion of the Court

that he was acting within the “course and scope of his employment” at all times

material to his claim, that pursuant to the provisions of the City Policy he is entitled

to reimbursement for his legal expenses and fees, and that the City failed to honor

the City Policy. We believe that these allegations are sufficient to establish waiver

through a breach of Plaintiff’s contractual relationship as an employee of the City.

Accordingly, this argument is overruled. In concluding as such, we take no position

as to the merits of Plaintiff’s contract action – “[t]oday we decide only that [P]laintiff

is not to be denied his day in court because his contract was with the State.” Smith,

289 N.C. at 322, 222 S.E.2d at 424.

 IV. Conclusion

 We hold that the City is not shielded by the doctrine of governmental immunity

to the extent that Plaintiff’s action is based in contract. We reverse the order of the

trial court and remand this case for further proceedings consistent with this opinion.

 REVERSED AND REMANDED.

 Judge ZACHARY concurs.

 Judge BRYANT dissents by separate opinion.

 -9-
 No. COA15-912 – Wray v. City of Greensboro

 BRYANT, Judge, dissenting.

 Because I believe the trial court properly granted defendant City of

Greensboro’s motion to dismiss plaintiff’s complaint, I respectfully dissent.

 In its 8 May 2015 order, the trial court concluded that defendant maintained

its governmental immunity from suit: “Neither the institution of a plan adopted

pursuant to N.C.G.S. § 160A-167, under which a city may pay all or part of some

claims against employees of the city, nor action taken by the city under N.C.G.S. §

160A-167, waives governmental immunity. See Blackwelder v. City of Winston-

Salem, 332 N.C. 319, 420 S.E.2d 432 (1992).” However, in reaching this conclusion,

the trial court provided no findings of fact, and the record provides no indication that

a request for findings was made by the parties. Thus, we must determine whether

there was sufficient evidence to support the trial court’s presumed finding that

defendant City of Greensboro did not waive its governmental immunity by express

waiver, purchase of liability insurance, or entry into a valid contract. See Data Gen.

Corp. v. Cnty. of Durham, 143 N.C. App. 97, 101, 545 S.E.2d 243, 246 (2001) (“In the

absence of an express waiver of sovereign immunity by [defendant], we must

determine whether there was sufficient evidence to support the presumed finding by

the trial court that the county waived its sovereign immunity as to [plaintiff’s]

contract claims either by the purchase of liability insurance or by entering [into] a

valid contract.”
 WRAY V. CITY OF GREENSBORO

 BRYANT, J., dissenting

 In his complaint, plaintiff asserts in pertinent part that he began employment

with the Police Department of the City of Greensboro as a police officer in March of

1981, after the Greensboro City Council’s adoption of the resolution at the center of

this dispute. Through the years, plaintiff was promoted through the ranks: Sergeant,

Lieutenant, Assistant Chief, and in July 2003, Chief of Police. In January 2006,

plaintiff resigned as Chief of Police. Following his resignation, investigations into

alleged civil rights violations perpetrated by plaintiff were conducted by federal and

state bureaus of investigation. Multiple lawsuits were filed against plaintiff in

Guilford County Superior Court on the basis of conduct alleged to have occurred in

his role as Chief of Police. Plaintiff requested that the City provide him with legal

representation but was denied. Plaintiff alleged that “[a]s an employee of the City

acting within the course and scope of his employment, and pursuant to the provision

of the City Policy, [plaintiff] is entitled to indemnification and reimbursement of the

expenses he has incurred . . . in connection with his defense [of lawsuits totaling

$220,593.71].”

 In response to the allegations of the complaint, defendant City of Greensboro

filed a motion to dismiss. In its motion, defendant requested that the trial court

dismiss plaintiff’s complaint for lack of personal and subject matter jurisdiction, and

for failure to state a claim. Defendant does not contest any of the allegations asserted

in plaintiff’s complaint, but rather states the following:

 2
 WRAY V. CITY OF GREENSBORO

 BRYANT, J., dissenting

 4. Plaintiff contends that he is entitled to a declaratory
 judgment that the City should provide for a defense and
 indemnification under a 13 November 1980 Resolution (the
 “Resolution”). The Resolution addresses the provision to
 City Officers and employees of a defense against civil
 claims for acts alleged to have been performed in the scope
 and course of their employment “unless it is determined
 that an officer or employee (1) acted or failed to act because
 of actual fraud, corruption, or actual malice or (2) acted or
 failed to act in a wanton or oppressive manner.” A copy of
 that Resolution is attached as Exhibit A.

 5. The Resolution vests the City Manager (or his
 designee) with the authority to “determine whether or not
 a claim or suit filed against an officer or employee . . . meets
 the standards . . . for providing a defense for such officer or
 employee.” (Ex. A. . . . .).

 The Resolution declares “the policy of the City of Greensboro to provide for the

defense of its officers and employees against civil claims and judgments[.]” (emphasis

added). This statement prescribes an intent to provide for the defense of officers and

employees. See generally N.C. Gen. Stat. § 143-300.3 (2015) (“[T]he State may provide

for the defense of any civil or criminal action or proceeding brought against him in

his official or individual capacity . . . .” (emphasis added)); In re Annexation

Ordinance, 303 N.C. 220, 230, 278 S.E.2d 224, 231 (1981) (“We conclude that the

provisions of G.S. 160A-45 [(entitled “Declaration of policy”)] are statements of policy

and should not be treated as part of . . . [statutory] procedure . . . .”); Paschal v. Myers,

129 N.C. App. 23, 29, 497 S.E.2d 311, 315 (1998) (“Plaintiff maintains . . . the mere

fact that the . . . Board of County Commissioners had adopted, as an ordinance, the

 3
 WRAY V. CITY OF GREENSBORO

 BRYANT, J., dissenting

County's personnel policies contained in the Handbook demands that the Handbook's

personnel policies were a part of his [employment] contract. This argument is

unpersuasive.”); Lennon v. N.C. Dept. of Justice, No. COA15-660, 2016 WL 1565892,

at *4 (N.C. Ct. App. Apr. 19, 2016) (unpublished) (“Because petitioner cannot

establish that the State was contractually bound to provide services for his legal

defense in the underlying civil action, petitioner has consequently failed to establish

a waiver of sovereign immunity by contract.”).

 Furthermore, the Resolution does not provide substantive rights or procedural

steps. Contra Bailey v. State, 348 N.C. 130, 146, 500 S.E.2d 54, 63 (1998)

(Acknowledging that “the relationship between employees vested in the retirement

system and the State [was] contractual in nature,” the Court found evidence in the

record to support the trial court’s finding that “the tax exemption was a term of the

retirement benefits offered in exchange for public service to state and local

governments.”); Pritchard v. Elizabeth City, 81 N.C. App. 543, 545, 552, 344 S.E.2d

821, 822, 826 (1986) (acting under the authority of N.C. Gen. Stat. § 160A-162 (1982),

authorizing municipal corporations to fix salaries or other compensation or to approve

and adopt pay plans to compensate city employees, the City Council passed an

ordinance wherein “[e]ach full-time employee shall earn vacation leave at the rate of

five-sixths ( 5/6 ) workdays per calendar month of service”). Thus, I would hold that

 4
 WRAY V. CITY OF GREENSBORO

 BRYANT, J., dissenting

the Resolution is not a contractual provision upon which plaintiff can compel

defendant’s performance.

 While we acknowledge there is plenary support for the proposition that an

employer-employee relationship is essentially contractual and such a relationship

often waives immunity from suit on the contract, see Sanders v. State Pers. Comm'n,

183 N.C. App. 15, 21, 644 S.E.2d 10, 14 (2007) (“[T]he existence of the relation of

employer and employee . . . is essentially contractual in its nature, and is to be

determined by the rules governing the establishment of contracts, express or implied.

Hollowell v. Department of Conservation and Development, 206 N.C. 206, 208, 173

S.E. 603, 604 (1934),” as quoted by Archer v. Rockingham Cnty., 144 N.C.App. 550,

557, 548 S.E.2d 788, 792–93 (2001)); Sanders, 183 N.C. App. at 22, 644 S.E.2d at 14

(“Under [Smith v. State, 289 N.C. 303, 320, 222 S.E.2d 412, 424 (1976)], because the

State entered into a contract of employment with [the] plaintiffs, it now occupies the

same position as any other litigant.” (citation omitted)), here, the Resolution central

to this action is not a contractual provision.

 Though the majority opinion frames the issue as purely a determination of

whether the employee-employer relationship between plaintiff and defendant is a

contractual one and reasons that that alone determines the waiver of defendant’s

immunity, I believe that the record before the trial court was sufficient to determine

that plaintiff could not establish a valid contractual agreement with defendant City

 5
 WRAY V. CITY OF GREENSBORO

 BRYANT, J., dissenting

of Greensboro on the issue central to this action, the provision of a legal defense as a

condition of employment. Moreover, there is no indication of an express waiver or an

applicable insurance provision. Thus, I would hold the trial court was correct in

concluding that defendant City of Greensboro, a municipality, did not waive its

governmental immunity to plaintiff’s suit. Therefore, I would affirm the order of the

trial court granting defendant’s motion to dismiss plaintiff’s complaint. Accordingly,

I dissent.

 6