BRYANT, Judge, dissenting.
Because I believe the trial court properly granted defendant City of Greensboro's motion to dismiss plaintiff's complaint, I respectfully dissent.
In its 8 May 2015 order, the trial court concluded that defendant maintained its governmental immunity from suit: "Neither the institution of a plan adopted pursuant to N.C.G.S. § 160A-167, under which a city may pay all or part of some claims against employees of the city, nor action taken by the city under N.C.G.S. § 160A-167, waives governmental immunity. See Blackwelder v. City of Winston-Salem, 332 N.C. 319, 420 S.E.2d 432 (1992)." However, in reaching this conclusion, the trial court provided no findings of fact, and the record provides no indication that *896 a request for findings was made by the parties. Thus, we must determine whether there was sufficient evidence to support the trial court's presumed finding that defendant City of Greensboro did not waive its governmental immunity by express waiver, purchase of liability insurance, or entry into a valid contract. See Data Gen. Corp. v. Cnty. of Durham, 143 N.C.App. 97, 101, 545 S.E.2d 243, 246 (2001) ("In the absence of an express waiver of sovereign immunity by [defendant], we must determine whether there was sufficient evidence to support the presumed finding by the trial court that the county waived its sovereign immunity as to [plaintiff's] contract claims either by the purchase of liability insurance or by entering [into] a valid contract)."
In his complaint, plaintiff asserts in pertinent part that he began employment with the Police Department of the City of Greensboro as a police officer in March of 1981, after the Greensboro City Council's adoption of the resolution at the center of this dispute. Through the years, plaintiff was promoted through the ranks: Sergeant, Lieutenant, Assistant Chief, and in July 2003, Chief of Police. In January 2006, plaintiff resigned as Chief of Police. Following his resignation, investigations into alleged civil rights violations perpetrated by plaintiff were conducted by federal and state bureaus of investigation. Multiple lawsuits were filed against plaintiff in Guilford County Superior Court on the basis of conduct alleged to have occurred in his role as Chief of Police. Plaintiff requested that the City provide him with legal representation but was denied. Plaintiff alleged that "[a]s an employee of the City acting within the course and scope of his employment, and pursuant to the provision of the City Policy, [plaintiff] is entitled to indemnification and reimbursement of the expenses he has incurred ... in connection with his defense [of lawsuits totaling $220,593.71]."
In response to the allegations of the complaint, defendant City of Greensboro filed a motion to dismiss. In its motion, defendant requested that the trial court dismiss plaintiff's complaint for lack of personal and subject matter jurisdiction, and for failure to state a claim. Defendant does not contest any of the allegations asserted in plaintiff's complaint, but rather states the following:
4. Plaintiff contends that he is entitled to a declaratory judgment that the City should provide for a defense and indemnification under a 13 November 1980 Resolution (the "Resolution"). The Resolution addresses the provision to City Officers and employees of a defense against civil claims for acts alleged to have been performed in the scope and course of their employment "unless it is *897 determined that an officer or employee (1) acted or failed to act because of actual fraud, corruption, or actual malice or (2) acted or failed to act in *439 a wanton or oppressive manner." A copy of that Resolution is attached as Exhibit A.
5. The Resolution vests the City Manager (or his designee) with the authority to "determine whether or not a claim or suit filed against an officer or employee ... meets the standards ... for providing a defense for such officer or employee." (Ex. A.....).
The Resolution declares "the policy of the City of Greensboro to provide for the defense of its officers and employees against civil claims and judgments [.]" (emphasis added). This statement prescribes an intent to provide for the defense of officers and employees. See generally N.C. Gen.Stat. § 143-300.3 (2015) ("[T]he State may provide for the defense of any civil or criminal action or proceeding brought against him in his official or individual capacity...." (emphasis added)); In re Annexation Ordinance, 303 N.C. 220, 230, 278 S.E.2d 224, 231 (1981) ("We conclude that the provisions of G.S. 160A-45 [ (entitled "Declaration of policy") ] are statements of policy and should not be treated as part of ... [statutory] procedure...."); Paschal v. Myers, 129 N.C.App. 23, 29, 497 S.E.2d 311, 315 (1998) ("Plaintiff maintains ... the mere fact that the ... Board of County Commissioners had adopted, as an ordinance, the County's personnel policies contained in the Handbook demands that the Handbook's personnel policies were a part of his [employment] contract. This argument is unpersuasive."); Lennon v. N.C. Dept. of Justice, No. COA15-660, 2016 WL 1565892, at *4 (N.C.Ct.App. Apr. 19, 2016) (unpublished) ("Because petitioner cannot establish that the State was contractually bound to provide services for his legal defense in the underlying civil action, petitioner has consequently failed to establish a waiver of sovereign immunity by contract.").
Furthermore, the Resolution does not provide substantive rights or procedural steps. Contra Bailey v. State, 348 N.C. 130, 146, 500 S.E.2d 54, 63 (1998) (Acknowledging that "the relationship between employees vested in the retirement system and the State [was] contractual in nature," the Court found evidence in the record to support the trial court's finding that "the tax exemption was a term of the retirement benefits offered in exchange for public service to state and local governments."); Pritchard v. Elizabeth City, 81 N.C.App. 543, 545, 552, 344 S.E.2d 821, 822, 826 (1986) (acting under the authority of N.C. Gen.Stat. § 160A-162 (1982), authorizing municipal corporations to fix salaries or other compensation or to approve and adopt pay plans to compensate *898 city employees, the City Council passed an ordinance wherein "[e]ach full-time employee shall earn vacation leave at the rate of five-sixths (5/6) workdays per calendar month of service"). Thus, I would hold that the Resolution is not a contractual provision upon which plaintiff can compel defendant's performance.
While we acknowledge there is plenary support for the proposition that an employer-employee relationship is essentially contractual and such a relationship often waives immunity from suit on the contract, see Sanders v. State Pers. Comm'n, 183 N.C.App. 15, 21, 644 S.E.2d 10, 14 (2007) ("[T]he existence of the relation of employer and employee ... is essentially contractual in its nature, and is to be determined by the rules governing the establishment of contracts, express or implied. Hollowell v. Department of Conservation and Development, 206 N.C. 206, 208, 173 S.E. 603, 604 (1934)," as quoted by Archer v. Rockingham Cnty., 144 N.C.App. 550, 557, 548 S.E.2d 788, 792-93 (2001) ); Sanders, 183 N.C.App. at 22, 644 S.E.2d at 14 ("Under [ Smith v. State, 289 N.C. 303, 320, 222 S.E.2d 412, 424 (1976) ], because the State entered into a contract of employment with [the] plaintiffs, it now occupies the same position as any other litigant." (citation omitted)), here, the Resolution central to this action is not a contractual provision.
Though the majority opinion frames the issue as purely a determination of whether the employee-employer relationship between plaintiff and defendant is a contractual one and reasons that that alone determines the waiver of defendant's immunity, I believe that the record before the trial court was sufficient to determine that plaintiff could not establish a valid contractual agreement with defendant City of Greensboro on the issue central to this action, the provision of a legal *440 defense as a condition of employment. Moreover, there is no indication of an express waiver or an applicable insurance provision. Thus, I would hold the trial court was correct in concluding that defendant City of Greensboro, a municipality, did not waive its governmental immunity to plaintiff's suit. Therefore, I would affirm the order of the trial court granting defendant's motion to dismiss plaintiff's complaint. Accordingly, I dissent.