LINDA JONES v. THE CITY OF DURHAM AND JOSEPH M. KELLY, IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF DURHAM

No. 137A05

(Filed 20 December 2006)

**Police Officers— gross negligence—speeding on city street— responding to another officer's call—genuine issue of material fact**

Plaintiff's evidence presented a genuine issue of material fact as to whether a police officer was grossly negligent in the operation of his vehicle when he struck a pedestrian while responding at a high rate of speed on a city street to another officer's call for assistance. The prior decision in this case reported at 360 N.C. 81, 622 S.E.2d 596 (2005) is withdrawn.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 168 N.C. App. 433, 608 S.E.2d 387 (2005), affirming in part and reversing in part an order and judgment entered on 6 January 2004 by Judge A. Leon Stanback, Jr. in Superior Court, Durham County. Heard in the Supreme Court 14 September 2005

and opinion filed 16 December 2005, 360 N.C. 81, 622 S.E.2d 596. Upon the allowance of plaintiff's petition for rehearing pursuant to Rule 31(a) of the North Carolina Rules of Appellate Procedure, heard in the Supreme Court 13 September 2006.

*Glenn, Mills & Fisher, P.A., by William S. Mills, Stewart W. Fisher, and Carlos E. Mahoney, for plaintiff-appellant.*

*Faison & Gillespie, by O. William Faison and Reginald B. Gillespie, Jr., for defendant-appellees.*

*T. Marie Mobley and Bradley N. Schulz for the North Carolina Academy of Trial Lawyers, amicus curiae.*

*Womble Carlyle Sandridge & Rice, P.L.L.C., by Mark A. Davis; North Carolina Association of County Commissioners, by James B. Blackburn; and North Carolina League of Municipalities, by Andrew L. Romanet, Jr., for the North Carolina Association of County Commissioners and the North Carolina League of Municipalities, amici curiae.*

*Mitchell Brewer Richardson PLLC, by Ronnie M. Mitchell, and North Carolina Sheriffs' Association, Inc., by Edmond W. Caldwell, Jr., for the North Carolina Sheriffs' Association, Inc., amicus curiae.*

*Debra Bechtel, Mark H. Newbold, Arnetta Herring, and William Little for the North Carolina Association of Police Attorneys, amicus curiae.*

PER CURIAM.

On 16 December 2005, this Court issued an opinion in this case, concluding "the Court of Appeals correctly held that plaintiff failed to demonstrate the existence of a genuine issue of material fact as to gross negligence and that defendants were entitled to summary judgment as a matter of law." *Jones v. City of Durham,* 360 N.C. 81, 90, 622 S.E.2d 596, 603 (2005). Subsequently, on 15 February 2006, this Court allowed plaintiff's petition to rehear. *Jones v. City of Durham,* 360 N.C. 367, 629 S.E.2d 611 (2006). This matter initially came to this Court based on a dissenting opinion in the Court of Appeals. *Jones v. City of Durham,* 168 N.C. App. 433, 608 S.E.2d 387 (2005). In her notice of appeal based on the dissent, plaintiff raised two issues: (1) whether summary judgment was properly granted for defendants as to plaintiff's claim for gross negligence; and (2) whether summary judgment was properly

granted for defendants as to plaintiff's claim for obstruction of justice. *Jones*, 360 N.C. at 84, 622 S.E.2d at 599. However, in her brief originally submitted to this Court, plaintiff addressed only whether summary judgment was properly granted as to her gross negligence allegation, thereby abandoning her appeal of right as to the obstruction of justice issue. *Id.* (citing N.C. R. App. P. 28(b)(6)). Further, the Court of Appeals was unanimous in its decision to apply the standard of gross negligence rather than simple negligence to the facts of this case. *Jones*, 168 N.C. App. at 443, 608 S.E.2d at 394. The correctness of gross negligence as the applicable legal standard was not before this Court in our first hearing of this case, and we decline to address it now.

Turning to the matter on rehearing, the only issue before this Court is whether the facts of this case warranted summary judgment for defendants as to plaintiff's claim for gross negligence. We have carefully considered the briefs submitted by the parties and amici curiae, the cases cited therein, and the parties' arguments before this Court. For the reasons stated in the dissenting opinion as to the gross negligence claim, *id.* at 443-45, 608 S.E.2d at 394-95 (Levinson, J., dissenting in part and concurring in part), we conclude there exists a genuine issue of material fact as to plaintiff's gross negligence claim.

In view of the foregoing, we withdraw our decision reported at 360 N.C. 81, 622 S.E.2d 596 (2005).

Accordingly, as to the appealable issue of right, whether there exists a genuine issue of material fact regarding plaintiff's gross negligence claim, we reverse the decision of the Court of Appeals and remand to that court for consideration of the remaining assignments of error presented by the parties on appeal.

REVERSED IN PART AND REMANDED.