LINDA JONES, Plaintiff v. THE CITY OF DURHAM, and JOSEPH M. KELLY (in his official capacity as a police officer for the City of Durham), Defendants

No. COA04-662-2

(Filed 1 May 2007)

## 1. Negligence— ordinary—motion to dismiss—sufficiency of evidence

The trial court did not err by dismissing plaintiff's claim based on ordinary negligence for the reasoning stated in the Court of Appeals' earlier opinion in *Jones v. City of Durham*, 168 N.C. App. 433 (2005).

## 2. Obstruction of Justice— missing videotape—summary judgment

The trial court did not err by denying defendants' motion for summary judgment on a claim for obstruction of public justice where the evidence would allow a jury to conclude that a camera in defendant police officer's patrol car had made a videotape recording of the accident in question, and that the videotape was subsequently misplaced or destroyed.

## 3. Immunity— sovereign—waiver in some cases—due process and equal protection

Defendant city did not violate plaintiff pedestrian's state due process and equal protection rights under N.C. Const. art. 1, § 19 by its assertion of the defense of governmental immunity to plaintiff's claims for negligence and gross negligence arising from being struck by a city police officer's vehicle while the officer was responding to a distress call by another officer because: (1) the trial court's order mistakenly characterized plaintiff's suit as presenting a challenge to the facial constitutionality of the city's practices for handling claims against it when plaintiff merely challenges the manner in which the city's policies have been applied to her; (2) plaintiff did not present any evidence that defendant ever denied a claim based on sovereign immunity even

though it always asserts the defense if it is sued; (3) the city's practice of executing settlement contracts with certain claimants does not constitute a waiver of sovereign immunity in those cases; (4) plaintiff failed to show either that similarly situated claimants are not treated equally, or that the determination not to offer her a settlement was arbitrary and capricious; (5) defendants presented ample evidence supporting their decision that plaintiff's claim was not meritorious; (6) contrary to plaintiff's assertion, the holding in *Dobrowolska v. Wall*, 138 N.C. App. 1 (2000), does not control the results in this case; (7) the determination of how to respond to a claim brought against the city is akin to other discretionary judgments that cannot be reduced to a mathematical formula; and (8) even assuming arguendo that the city's policies governing its decisions of when to waive sovereign immunity were constitutionally infirm, defendants would nevertheless be entitled to assert sovereign immunity in this case when defendants are entitled to assert sovereign immunity to the extent that they have not waived the defense by purchase of liability insurance.

Appeal by both plaintiff and defendants from judgment entered 6 January 2004 by Judge A. Leon Stanback, Jr., in Durham County Superior Court. Originally heard in the Court of Appeals 8 December 2004. Now on remand by virtue of the Supreme Court's opinion in *Jones v. City of Durham*, 361 N.C. 144, 638 S.E.2d 202 (2006).

*Glenn, Mills & Fisher, P.A., by Robert B. Glenn, Jr., Stewart W. Fisher and Carlos E. Mahoney, for plaintiff appellant-appellee.*

*Elliot Pishko Morgan, P.A., by Robert M. Elliot, Amicus Curie of American Civil Liberties Union of North Carolina Legal Foundation, Inc., and North Carolina Academy of Trial Lawyers in support of plaintiff appellant-appellee.*

*Faison & Gillespie, by Reginald B. Gillespie, Jr., and Keith D. Burns, for defendant appellants-appellees.*

*Womble Carlyle Sandridge & Rice, P.L.L.C., by Mark A. Davis, Amicus Curiae for N.C. Association of County Commissioners in support of defendant appellants-appellees.*

LEVINSON, Judge.

The facts and procedural history of this matter are set forth in *Jones v. City of Durham*, 168 N.C. App. 433, 608 S.E.2d 387 (2005)

(*Jones I*). In a recent decision, the Supreme Court (1) reversed itself and its earlier opinion reported at 360 N.C. 81, 622 S.E.2d 596 (2005) that plaintiff had not forecast evidence demonstrating gross negligence on the part of defendant-Joseph Kelly, and (2) remanded this matter to this Court for consideration of the remaining issues. *Jones v. City of Durham*, 361 N.C. 144, 638 S.E.2d 202 (2006).

**[1]** Consistent with this Court's earlier opinion in *Jones I*, we conclude the trial court correctly dismissed plaintiff's claim based on ordinary negligence. The majority opinion in *Jones I* concluded that plaintiff's claims as regards obstruction of public justice and constitutional violations were rendered "moot" by virtue of its conclusion that plaintiff's claim for gross negligence failed. We now address these claims.

**[2]** Plaintiff brought a claim for obstruction of public justice. "Obstruction of justice is a common law offense in North Carolina." *In re Kivett*, 309 N.C. 635, 670, 309 S.E.2d 442, 462 (1983). "It is an offense to do any act which prevents, obstructs, impedes or hinders public or legal justice." *Broughton v. McClatchy Newspapers, Inc.*, 161 N.C. App. 20, 33, 588 S.E.2d 20, 30 (2003) (citing *Burgess v. Busby*, 142 N.C. App. 393, 408-09, 544 S.E.2d 4, 12 (2001)). In the instant case, the evidence would allow a jury to conclude that a camera in Kelly's police car had made a videotape recording of the accident, and that the videotape was subsequently misplaced or destroyed. We affirm the trial court's denial of defendants' motion for summary judgment on this claim.

**[3]** We next address plaintiff's complaint alleging that defendant City of Durham (the City) violated her rights under N.C. Const. art. 1, § 19 "by their assertion of the defense of governmental immunity to the Plaintiff's first two claims for relief in this civil action[,]" and her contention that the City's "assertion of governmental immunity as a legal defense to the Plaintiff's first two claims for relief constitutes an unreasonable, arbitrary, and capricious governmental action." We reverse the trial court and remand for entry of summary judgment in favor of defendants on plaintiff's constitutional claim. We reach this conclusion for several reasons.

Preliminarily, we observe that the trial court's order mistakenly characterizes plaintiff's suit as presenting a challenge to the facial constitutionality of the City's practices for handling claims against it. Plaintiff's complaint is strictly limited to allegations that defendants violated her state constitutional rights by asserting sovereign immu-

nity **"in this cause"** as a defense to "Plaintiff's first two claims." Thus, plaintiff challenges the manner in which the city's policies have been **applied to her**, rather than making the separate and distinct claim that the City's customs are facially unconstitutional. *See Maines v. City of Greensboro*, 300 N.C. 126, 130, 265 S.E.2d 155, 158 (1980) (discussing the two types of claims where plaintiff "first contends that the ordinance is unconstitutional on its face . . . alternative[ly], plaintiff argues that the ordinance is unconstitutional as applied"). However, the trial court's order repeatedly refers to plaintiff's having brought claims against the city's assertion of sovereign immunity "in this **and other cases**." This is an erroneous characterization of plaintiff's complaint, which properly should be analyzed as a challenge to the City's policies for handling claims as applied to her.

We conclude that plaintiff failed to present evidence raising a genuine issue of material fact on her constitutional claim. The core of plaintiff's argument is her allegation that the City has a policy or practice of "waiving" sovereign immunity in some cases but not in others. She further alleges that the City's determination of when to "waive sovereign immunity" resides in the "unbridled discretion" of certain city employees, and that the City's waiver of sovereign immunity for certain "similarly situated" claimants violates her rights to due process and equal protection. Plaintiff's argument rests on the erroneous premise that the City has a practice of selectively "waiving" the defense of sovereign immunity. The uncontradicted record evidence establishes that claims against the City are never denied on the basis of sovereign immunity, and that claims are paid or denied on the basis of their legal merits, based on evaluation of whether (1) the claimant asserts a legally cognizable cause of action; (2) investigation shows the claim to be meritorious; and (3) the damages have been documented. Plaintiff presents no evidence that defendant ever **denies** a claim based on sovereign immunity. However, if sued by a claimant, the City always raises the defense of sovereign immunity when appropriate. Thus, the City **never** denies claims based on sovereign immunity, but **always** asserts the defense if it is sued. Accordingly, there is no evidence that defendants have a practice of "selectively waiving" this defense.

Nor does the City's practice of executing settlement contracts with certain claimants constitute a waiver of sovereign immunity in those cases. " 'Whether denominated accord and satisfaction or compromise and settlement, the executed agreement terminating or purporting to terminate a controversy is a contract, to be interpreted and

tested by established rules relating to contracts.' " *Bolton Corp. v. T. A. Loving Co.*, 317 N.C. 623, 628, 347 S.E.2d 369, 372 (1986) (quoting *Casualty Co. v. Teer Co.*, 250 N.C. 547, 550, 109 S.E.2d 171, 173 (1959)). The representative settlement form in the record does not waive sovereign immunity or any other defense. Further, it specifically states that:

> This release expresses a full and complete settlement of a liability claimed and denied, .... and the acceptance of this release shall not operate as an admission of liability on the part of anyone **nor as an estoppel, waiver, or bar with respect to any claim the party or parties released may have against the undersigned.**

(emphasis added). Thus, should a tort claimant violate the settlement agreement by suing the City after executing the settlement contract, the City would be entitled to raise any applicable defense, including satisfaction and accord or sovereign immunity. Plaintiff presents no evidence that the City ever executed a settlement contract **waiving** the right to assert sovereign immunity in the event that the claimant tried to sue the City after executing the settlement contract.

Moreover, plaintiff has not presented evidence that the City's settlement practices violated her due process or equal protection rights under the State constitution. " '[T]he touchstone of due process is protection of the individual against arbitrary action of government,'. .... Arbitrary and capricious acts by government are also prohibited under the Equal Protection Clauses of the United States and the North Carolina Constitutions." *Dobrowolska v. Wall*, 138 N.C. App. 1, 14, 530 S.E.2d 590, 599 (2000). Further:

> The equal protection 'principle requires that all persons similarly situated be treated alike.' Accordingly, to state an equal protection claim, a claimant must allege (1) the government (2) arbitrarily (3) treated them differently (4) than those similarly situated.

*Lea v. Grier*, 156 N.C. App. 503, 509, 577 S.E.2d 411, 416 (2003) (quoting *Dobrowolska*, 138 N.C. App. at 14, 530 S.E.2d at 599). In another case challenging a city's exercise of discretion, *Maines*, 300 N.C. at 131-32, 265 S.E.2d at 158-59, the North Carolina Supreme Court held that:

> [A]n ordinance which vests unlimited or unregulated discretion in a municipal officer is void. . . . On the other hand, actions of

public officials are presumed to be regular and done in good faith[,] and the burden is on the challenger to show that the actions as to him were unequal when compared to persons *similarly situated*. The initial question then is whether plaintiff has met his burden of showing that he received treatment different from others similarly situated.

In the instant case, plaintiff has failed to show either that (1) similarly situated claimants are not treated equally, or that (2) the determination not to offer her a settlement was arbitrary and capricious.

Plaintiff has not shown she was treated differently from "similarly situated" claimants. She has assembled a long list of claimants from a given time period. However, she articulates no "similarity" between her case and those of claimants receiving settlements, other than having brought a claim, which may or may not involve a law enforcement officer, against the City of Durham. There is no information about the relative merits of claims, the similarity or differences in claimant's background, or other information that would enable us to conclude that plaintiff had been treated differently from similar claimants. *See Clayton v. Branson*, 170 N.C. App. 438, 613 S.E.2d 259, *disc. review denied*, 360 N.C. 174, 625 S.E.2d 785 (2005).

Nor does the evidence raise an issue of fact regarding whether the city's decision not to settle her particular claim was arbitrary and capricious. "Not every deprivation of liberty or property constitutes a violation of substantive due process granted under article I, section 19. Generally, any such deprivation is only unconstitutional where the challenged law bears no rational relation to a valid state objective." *Affordable Care Inc. v. N.C. State Bd. of Dental Exam'rs*, 153 N.C. App. 527, 535, 571 S.E.2d 52, 59 (2002) (citing *Rhyne v. K-Mart Corp.*, 149 N.C. App. 672, 562 S.E.2d 82 (2002), *aff'd*, 358 N.C. 160, 594 S.E.2d 1 (2004)). In the instant case, defendants presented ample evidence supporting their decision that plaintiff's claim was not meritorious.

Further, we disagree with plaintiff that the holding of *Dobrowolska* controls the result in the instant case. The defendant in *Dobrowolska*, the City of Greensboro, customarily responded to **all** claims for damages by asserting the defense of sovereign immunity. Thereafter, the City would sometimes waive the defense and enter into a settlement agreement:

[A]t the same time the City has asserted governmental immunity towards plaintiffs . . . it has **asserted such immunity** against

injured individuals similar to plaintiffs, **but then waived immunity** by paying damages to those injured individuals. . . . The City has opted to pay damages to some claimants **after asserting** governmental immunity; therefore, it must carry out this custom, or 'unwritten' policy in a way which affords due process to all similarly situated tort claimants . . . [The City] classifies claims . . . into two different categories—(1) immunity is **asserted with no exception,** or (2) immunity is **asserted but the claim is paid in settlement.**

*Dobrowolska,* 138 N.C. App. at 12-13 and 17, 530 S.E.2d at 598-99 and 601 (emphasis added). This contrasts sharply with Durham's policy of never asserting sovereign immunity as a basis for denial of a claim, and of always asserting it in response to a lawsuit. Further, unlike defendant City in *Dobrowolska,* Durham does not leave decisions about settlement of cases to the unfettered discretion of city employees. As discussed above, the uncontroverted evidence is that claims against the City are resolved by determination of whether the claimant (1) presents a legally cognizable claim, that (2) is meritorious, as shown by investigation into the facts, and (3) has documented injuries.

"[Plaintiff's] position results from the assumption that the [City of Durham] may purposely and wilfully abuse the discretion with which the law invests it. It is hard to see how any administrative body can function without exercising discretion; but even then the discretion must not be whimsical, or capricious, or arbitrary, or despotic." *North Carolina State Highway Com. v. Young,* 200 N.C. 603, 607, 158 S.E. 91, 93 (1931). A party's determination of whether to settle a claim will **always** require exercise of discretion and the weighing and assessment of largely subjective factors, such as the credibility and demeanor of prospective witnesses, or the likely response of a jury to certain evidence. It also requires evaluation of legal issues such as a claim's validity, the impact of relevant precedent on trial issues, or the availability of affirmative defenses. Accordingly, the determination of how to respond to a claim brought against the City is akin to other discretionary judgments that cannot be reduced to a mathematical formula, such as decisions about hiring, firing, or resource allocation. The process is very different from that involved in decisions about zoning, permitting, or eligibility for public services, because such determinations can be reduced to an objective set of criteria.

Indeed, the gravamen of plaintiff's claim is in reality a challenge to the inequality in bargaining strength between a tort claimant and

the City. Ordinarily, if parties cannot settle a civil dispute, a plaintiff has the option of filing suit. However, if sovereign immunity is available as a defense, then the plaintiff has no recourse if a settlement cannot be reached. Thus, plaintiff seeks to redress the reality that the City can decide whether or not to settle claims, while plaintiff lacks the usual power to bring suit if the claim is not settled. During the hearing on these motions, plaintiff's counsel conceded as much, stating to the trial court that:

. . . [O]ur purpose in bringing these declaratory and injunctive claims is to stop [the City] from having the ability to . . . pay some claims, but also to unilaterally assert immunity[.]

. . . .

Because they have immunity, they can browbeat citizens into taking whatever it is they're willing to offer.

. . . .

**That's our reason for bringing this case, . . . to put everybody on equal footing.**

"The plaintiff asks us either to abolish governmental immunity or to change the way it is applied. . . . [A]ny change in this doctrine should come from the General Assembly." *Blackwelder v. City of Winston-Salem*, 332 N.C. 319, 324, 420 S.E.2d 432, 435-36 (1992).

Finally, even if we **were** to hold that the City's policies governing its decisions of when to waive sovereign immunity were constitutionally infirm, defendants would nonetheless be entitled to **assert** sovereign immunity in this case. "A police officer in the performance of his duties is engaged in a governmental function." *Galligan v. Town of Chapel Hill*, 276 N.C. 172, 175, 171 S.E.2d 427, 429 (1970). "In general, municipalities in North Carolina are immune from liability for their negligent acts arising out of governmental activities unless the municipality waives such immunity by purchasing liability insurance." *Anderson v. Town of Andrews*, 127 N.C. App. 599, 600, 492 S.E.2d 385, 386 (1997). Under N.C. Gen. Stat. § 160A-485(a) (2005), "[a]ny city is authorized to waive its immunity from civil liability in tort by the act of purchasing liability insurance. . . . Immunity shall be waived only to the extent that the city is indemnified by the insurance contract from tort liability." However, the statute also provides that "no city shall be deemed to have waived its tort immunity **by any action other than** the purchase of liability insurance." (emphasis

added). Our appellate courts have consistently held that "N.C.G.S. § 160A-485 provides that the **only** way a city may waive its governmental immunity is by the purchase of liability insurance." *Blackwelder*, 332 N.C. at 324, 420 S.E.2d at 435 (emphasis added). In *Blackwelder*, defendant City formed a corporation to handle claims against the City of less than $1,000,000. The North Carolina Supreme Court held that:

> Finally, the plaintiff contends that the City has violated the Equal Protection Clause of the Fourteenth Amendment . . . and Article I, Section 19 of the Constitution of North Carolina[,] . . . because the City, through RAMCO, can pick and choose what claims it will pay, thus depriving the plaintiff of the equal protection of the law. . . . **If we were to hold the City has acted unconstitutionally . . . it would not mean the City had waived its governmental immunity**. The most we could do is strike down RAMCO. A decision involving this constitutional question would not resolve this case and we do not consider it.

*Blackwelder*, 332 N.C. at 325-26, 420 S.E.2d at 436-37 (emphasis added).

In sum, as a consequence of the Supreme Court's recent decision in *Jones*, 361 N.C. 144, 638 S.E.2d 202 (2006), reversing this Court on the claim for gross negligence for the reasons set forth in the dissenting opinion in *Jones I*, plaintiff has raised genuine issues of material fact for her claim alleging gross negligence. We therefore affirm the trial court order in this regard. We also conclude that the trial court correctly dismissed the claim alleging ordinary negligence, and that defendant's motion for summary judgment on the claim for obstruction of justice was properly denied. We further conclude that defendants are entitled to assert sovereign immunity to the extent that they have not waived the defense by purchase of liability insurance. Finally, we reverse the trial court's order to the extent it denied defendant's motions for summary judgment on the constitutional claims because plaintiff has failed to present evidence that the City's decision not to pay her claim violated her constitutional rights. On remand, the trial court is directed to enter summary judgment in favor of defendant as to the constitutional claims.

Affirmed in part; reversed in part.

Judges McCULLOUGH and ELMORE concur.