JOHNATHAN BALTZELL and TRACY BALTZELL, Plaintiffs,
v.
PAUL DOWDY, LADELLE M. DOWDY, NEIL TAFT, MECKLENBURG COUNTY, AMERISPEC UNIVERSAL HOME INSPECTIONS, INC., and RICHARD KETTLE, Defendants.
No. COA09-94.
Court of Appeals of North Carolina.
Filed: January 19, 2010.
This case not for publication
Law Office of Laura H. Budd, PLLC, by Laura H. Budd, for plaintiff-appellants.
Ruff, Bond, Cobb, Wade & Bethune, LLP, by Robert S. Adden, Jr., for defendant-appellee Mecklenburg County.
STEELMAN, Judge.
Where plaintiffs failed to allege Mecklenburg County had waived governmental immunity by purchasing insurance in their complaint and failed to obtain a ruling on their motion to amend at the summary judgment hearing, this issue is not properly preserved for appellate review. Even if waiver had been properly alleged, plaintiffs are barred from asserting negligent inspection against Mecklenburg County because there was no evidence before the trial court that the Mecklenburg County Board of Commissioners had passed a resolution deeming the funded reserve to be the same as the purchase of insurance pursuant to N.C. Gen. Stat. § 153A-435(a). Plaintiffs' constitutional contentions will not be ruled upon for the first time on appeal.

I. Factual and Procedural Background
In late March or early April 2001, Johnathan and Tracy Baltzell (plaintiffs) entered into negotiations with Paul and Ladelle Dowdy (the Dowdys) for the sale and purchase of the residence located on 1424 Hamorton Place in Charlotte. The purchase price of the residence was $175,000.00 and it was to be sold in "as is" condition. Plaintiffs informed the Dowdys that they planned to construct a new kitchen, master bedroom and bathroom, and an exterior deck (the addition) onto the residence. In response, the Dowdys offered to improve the residence by constructing the addition onto the residence before the sale for an increased purchase price of $240,000.00. A contract was executed by the parties on 7 April 2001. The Dowdys subsequently entered into an agreement with Neil Taft (Taft), a licensed general contractor, who obtained the building permit required for the addition. Construction commenced in early April and concluded on 23 June 2001. Mecklenburg County inspected the construction at various times to verify that it met the requirements of the applicable residential building code. The work passed each inspection conducted before 15 June 2001. The work failed a final inspection on 15 June 2001.[1] On 22 June 2001, the work passed a second final inspection. On 23 June 2001, Richard Kettle, on behalf of Amerispec Universal Home Inspections, Inc., performed a home inspection that did not identify any defects in the construction of the addition.
On 26 April 2007, approximately six years later, plaintiffs entered into a contract for the sale of the residence to a buyer for the price of $425,000.00. On 9 May 2007, the buyer had an inspection performed by South Charlotte Inspection Services, Inc., which revealed multiple defects in the addition:
The defects identified by South Charlotte Home Inspections included, but are not limited to; a lack of flashing between the interior portions of the Addition and the exterior portions of the Addition; loose foundation bricks resting upon undersized support girders under the kitchen; exposed framing members along the rear wall of the kitchen; high moisture readings due to lack of proper flashing; improper grading; termite damage from past infestation(s); decay and deterioration in the deck, crawlspace, and the master bedroom entryway floor corners; four layers of shingles on the older pre-existing roof; and staining and fungus growth.
On 11 May 2007, the buyer terminated its contract for the sale and purchase of the residence as a result of these deficiencies. Plaintiffs subsequently hired a contractor to confirm South Charlotte Home Inspections, Inc.'s report and to estimate the cost of repairs. The entire addition, except for the wall framing and roof, had to be demolished and treated for mold. The cost of repairs totaled $129,000.00.
On 20 July 2007, plaintiffs filed a complaint against the Dowdys, Taft, Mecklenburg County, Amerispec Universal Home Inspections, Inc., and Richard Kettle alleging various causes of action. As to Mecklenburg County, plaintiffs alleged that it was negligent in its inspection of the addition and further asserted: (1) the County had a duty to inspect the residence and assure that it complied with the residential building code and (2) the County "failed to discharge and perform that duty to the Plaintiffs by allowing the home to pass inspections when numerous material construction defects existed and the Defendants knew or should have known were violations of the applicable residential building code."
On 20 August 2007, Mecklenburg County filed an answer, which denied the material allegations of plaintiffs' complaint and asserted the affirmative defenses of governmental immunity pursuant to N.C. Gen. Stat. § 153A-435 and the statute of limitations pursuant to N.C. Gen. Stat. §§ 1-50(a)(5), -52, et seq. On 2 April 2008, Mecklenburg County filed a motion for summary judgment based upon governmental immunity. In their response to Mecklenburg County's motion for summary judgment, plaintiffs asserted that Mecklenburg County's participation in an Insurance and Risk Management Joint Undertaking Agreement was the functional equivalent of the purchase of insurance and thus a waiver of governmental immunity. This contention was not contained in any of the pleadings filed in this matter.
On 29 September 2008, the trial court granted summary judgment in favor of Mecklenburg County on the basis of governmental immunity. Plaintiffs appeal.

II. Summary Judgment
Plaintiffs argue the trial court erred by granting summary judgment in favor of Mecklenburg County. We disagree.

A. Standard of Review
The standard of review on a trial court's ruling on a motion for summary judgment is de novo. Forbis v. Neal, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007). The entry of summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007). "All inferences of fact from the proofs offered at the hearing must be drawn against the movant and in favor of the party opposing the motion." Collingwood v. G.E. Real Estate Equities, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989) (citation omitted). Summary judgment is proper when "an essential element of the opposing party's claim does not exist, cannot be proven at trial, or would be barred by an affirmative defense . . . ." Dobson v. Harris, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000) (citation omitted).

B. Analysis
At the hearing on Mecklenburg County's motion for summary judgment, plaintiffs' attorney made an oral motion to amend the complaint to include the allegation that Mecklenburg County had waived the defense of governmental immunity by purchasing insurance. The trial court never ruled on that motion. Plaintiffs' attorney also for the first time contended that Mecklenburg County had violated plaintiffs' due process and equal protection rights by not having objective standards for evaluating claims asserted against the County and its Self-Funded Loss Program.

1. Governmental Immunity
"Under the doctrine of governmental immunity, a county is immune from suit for the negligence of its employees in the exercise of governmental functions absent waiver of immunity. When a county purchases liability insurance, however, it waives governmental immunity to the extent it is covered by that insurance." McCoy v. Coker, 174 N.C. App. 311, 313, 620 S.E.2d 691, 693 (2005) (quotation and citation omitted). It is well-established that "[i]n order to overcome a defense of governmental immunity, the complaint must specifically allege a waiver of governmental immunity. Absent such an allegation, the complaint fails to state a cause of action." Paquette v. County of Durham, 155 N.C. App. 415, 418, 573 S.E.2d 715, 717 (2002) (citations omitted), disc. review denied, 357 N.C. 165, 580 S.E.2d 695 (2003); see also Fields v. Board of Education, 251 N.C. 699, 701, 111 S.E.2d 910, 912 (1960); Ingram v. Kerr, 120 N.C. App. 493, 495-96, 462 S.E.2d 698, 700 (1995); Mullins v. Friend, 116 N.C. App. 676, 681, 449 S.E.2d 227, 230 (1994); Clark v. Burke County, 117 N.C. App. 85, 88, 450 S.E.2d 747, 748 (1994). In the instant case, it is undisputed that plaintiffs' complaint failed to allege that Mecklenburg County had waived governmental immunity through the purchase of insurance pursuant to N.C. Gen. Stat. § 153A-435(a). At the summary judgment hearing, plaintiffs' attorney orally moved to amend the complaint to include that allegation. The trial court did not rule on this motion and granted Mecklenburg County's motion for summary judgment based upon governmental immunity. N.C.R. App. P. 10(b)(1) (2009) provides that "In order to preserve an issue for appellate review, . . . [i]t is . . . necessary for the complaining party to obtain a ruling upon the party's request, objection or motion." This Court has held that where a party does not obtain a ruling on their request or motion before the trial court, the party has failed to preserve the issue for appellate review. Gilreath v. N.C. Dep't of Health & Human Servs., 177 N.C. App. 499, 501, 629 S.E.2d 293, 294, aff'd per curiam, 361 N.C. 109, 637 S.E.2d 537 (2006); Finley Forest Condo. Ass'n v. Perry, 163 N.C. App. 735, 738, 594 S.E.2d 227, 230 (2004); Electronic World, Inc. v. Barefoot, 153 N.C. App. 387, 395-96, 570 S.E.2d 225, 231 (2002).
Even assuming arguendo that plaintiffs had properly alleged a waiver of governmental immunity in their complaint, plaintiffs' claim is barred because the evidence before the trial court on summary judgment established that while Mecklenburg County had a funded reserve from which it paid out claims asserted against the County, there had been no resolution passed by the county board of commissioners deeming this program to be the equivalent of the purchase of insurance.
N.C. Gen. Stat. § 153A-435(a) (2007) provides, in part, that if the county uses a funded reserve instead of purchasing insurance,
the county board of commissioners may adopt a resolution that deems the creation of a funded reserve to be the same as the purchase of insurance under this section. Adoption of such a resolution waives the county's governmental immunity only to the extent specified in the board's resolution, but in no event greater than funds available in the funded reserve for the payment of claims.
(Emphasis added). It is undisputed that Mecklenburg County's Self-Funded Loss Program is a funded reserve pursuant to N.C. Gen. Stat. § 153A-435. The record in the instant case is devoid of any resolution adopted by Mecklenburg County deeming the creation of a funded reserve to be the same as the purchase of insurance under N.C. Gen. Stat. § 153A-435(a). In fact, the affidavits before the trial court affirmatively showed that Mecklenburg County had not adopted such a resolution.
By its express terms, the Self-Funded Loss Program was not intended to waive the defense of governmental immunity for negligence claims against the County for the performance of governmental functions: (1) "The Program will not apply to Claims or Losses resulting from the following: . . . 8. Those tort claims asserted against the County with respect to which the County would be entitled to assert as a defense the doctrine of governmental or sovereign immunity;" and (2) "The establishment of this Program shall not be deemed to be a waiver of immunity through the purchase of insurance within the meaning of N.C. Gen. Stat. § 153A-435 . . . ." There were no genuine issues of material fact as to whether Mecklenburg County waived the defense of governmental immunity pursuant to N.C. Gen. Stat. § 153A-435. Plaintiffs' cause of action for negligent inspection is barred by governmental immunity.[2]

2. Constitutional Claims
Plaintiffs now argue that "a lack of objective criteria set forth within the Self-Funded Loss Program which results in an arbitrary selection process of which claims, losses, and occurrences are paid from the Self-Funded Loss Program render [Mecklenburg County's] actions a violation of due process and the equal protection clause[.]"
Plaintiffs failed to allege any violations of their due process or equal protection rights in their complaint or in their response to Mecklenburg County's motion for summary judgment. Plaintiffs' response to Mecklenburg County's summary judgment motion contended that the actions of Mecklenburg County in adopting and administering the Insurance and Risk Management Joint Undertaking Agreement was the equivalent of "the purchase of insurance pursuant to [N.C. Gen. Stat.] § 153A-435 and therefore a waiver of governmental immunity." This argument has not been brought forward on appeal.
Plaintiffs argue on appeal that this case is controlled by Dobrowolska v. Wall, 138 N.C. App. 1, 530 S.E.2d 590 (2000), which reversed the trial court's grant of summary judgment for the City of Greensboro based upon their equal protection and substantive due process rights. Id. at 19, 530 S.E.2d 602. We note that in Dobrowolska, these constitutional claims were specifically set forth in plaintiffs' third, fourth, and fifth claims for relief. Id. No such claims are contained in the amended complaint filed in this case.
At the summary judgment hearing, counsel for defendant at one point argued that there was no objective criteria for determining what claims would be paid and at another point argued that Mecklenburg County's discretion as to the payment of claims was a violation of the equal protection clause of both the United States and the North Carolina Constitution. These arguments were made orally, and for the first time, at the summary judgment hearing.
A violation of a person's constitutional rights is a separate cause of action from a claim of negligence against a governmental entity. Constitutional claims must be pled in the complaint, Oakwood Acceptance Corp. v. Massengill, 162 N.C. App. 199, 214, 590 S.E.2d 412, 423 (2004), and the trial court must rule upon these claims, City of Durham v. Manson, 285 N.C. 741, 743, 208 S.E.2d 662, 664 (1974). "Appellate courts will not ordinarily pass upon a constitutional question unless it affirmatively appears that such question was raised and passed upon in the trial court." Id. (quotation omitted). This Court has held that where a constitutional argument was made during a summary judgment hearing, but the record contained no allegations of such a violation and it did not appear that the trial court considered this argument in its ruling, the issue was not properly before this Court. See Barber v. Continental Grain Co., 124 N.C. App. 310, 319-20, 477 S.E.2d 77, 82 (1996). In Barber, this Court stated:
No constitutional claim, state or federal, appears in plaintiffs' pleadings or in any other documentation filed with the trial court prior to its ruling. While the argument of plaintiffs' counsel at pages 81 and 82 of the transcript of the summary judgment hearing does mention the phrase "unconstitutional," neither the trial court's "Order Granting Defendants' Motions for Summary Judgment" nor "the record . . . indicate that the trial court considered the issue in granting summary judgment." Nelson, 108 N.C. App. at 646, 425 S.E.2d at 7. Accordingly, we do not address plaintiffs' constitutional arguments.
Id.
In the instant case, there were no constitutional claims raised in plaintiffs' pleadings or any other document in the record. Plaintiffs assert, in passing, that it submitted a brief to the trial court that raised these constitutional issues. However, this brief is not included in the record on appeal. The trial court's order does not indicate that it considered this issue in granting Mecklenburg County's motion for summary judgment. Based upon our holding in Barber, plaintiffs have failed to properly bring these claims before this Court.
We further note that in order to establish that a governmental entity has acted arbitrarily and capriciously in asserting the defense of governmental immunity in violation of the due process and equal protection clause, a plaintiff must establish "(1) the government (2) arbitrarily (3) treated them differently (4) than those similarly situated." Jones v. City of Durham, 183 N.C. App. 57, 61, 643 S.E.2d 631, 634 (2007); see also Dobrowolska, 138 N.C. App. at 14, 530 S.E.2d at 599. There are no documents or other materials in the record that tend to show similarly situated persons have been paid claims from Mecklenburg County's Self-Funded Loss Program. Therefore, plaintiffs' bald assertion that the claims paid are done so in an arbitrary and capricious manner is without merit.
DISMISSED.
Judges HUNTER, Robert C. and GEER concur.
Report per Rule 30(e).
NOTES
[1] The record does not reveal why the work failed final inspection on that date.
[2] We note that the record in this case reveals that Mecklenburg County had procured insurance for claims exceeding one million dollars. Plaintiffs make no argument that their claims exceed that amount.