ARROWOOD, Judge.
Caldwell Memorial Hospital, Inc. ("Caldwell Memorial" or "petitioner") appeals from a final decision of the North Carolina Office of Administrative Hearings ("OAH") granting the North Carolina Department of Health and Human Services, Division of Health Service Regulation, Health Care Planning & Certificate of Need Section ("DHHS" or "agency" or "respondent") and Blue Ridge Healthcare Hospitals, Inc. and Blue Ridge Healthcare Surgery Center, LLC (collectively, "Blue Ridge" or "respondent-intervenors")'s joint motion for summary judgment. For the reasons that follow, we affirm the final decision of the administrative law judge ("ALJ").
I. Background
On 15 February 2017, Blue Ridge filed a non-competitive certificate of need ("CON") application with DHHS, requesting the agency approve its plan to develop a separately licensed ambulatory surgery center within Blue Ridge's Valdese Hospital facility. Competitor Caldwell Memorial filed comments opposing the application on 30 March 2017. The CON section of DHHS reviewed the application, and granted the CON to respondent-intervenors on 19 July 2017.
Caldwell Memorial petitioned for a contested case hearing in the OAH challenging the agency decision on 10 August 2017, and filed a prehearing statement on 8 September 2017. On 14 November 2017, petitioner filed an amended prehearing statement without leave of court. Respondent and respondent-intervenors (collectively, "respondents") jointly moved to strike the amended statement and to limit petitioner's claims and evidence to criterion 12 of the criteria set forth in N.C. Gen. Stat. § 131E-183(a) (2017). The ALJ reserved ruling on the motion, and permitted discovery to proceed on all issues.
On 12 January 2018, petitioner moved for summary judgment. Respondents filed a joint cross-motion for summary judgment on 19 January 2018. The motions came on for hearing in the OAH on 2 February 2018, the Honorable David F. Sutton presiding. On 12 February 2018, the ALJ entered an order striking petitioner's amended prehearing statement and limiting petitioner's claims and evidence to criterion 12 of the criteria set forth in N.C. Gen. Stat. § 131E-183(a), and a final decision granting respondents' joint motion for summary judgment and denying petitioner's motion for summary judgment.
Petitioner appeals.
II. Discussion
Petitioner raises three arguments on appeal: (1) DHHS erred by approving Blue Ridge's CON application because the agency failed to properly apply criteria 3a, 12, 20, and the GI endoscopy rule; (2) DHHS substantially prejudiced petitioner by failing to conduct a meaningful CON review and denying petitioner equal protection under North Carolina law; and (3) the ALJ erred by limiting petitioner's claims and evidence to criterion 12 of the criteria set forth in N.C. Gen. Stat. § 131E-183(a).
However, we need not address each issue on appeal because petitioner failed to establish it was substantially prejudiced by the agency's actions. Therefore, even assuming arguendo that the agency erred in its application of criteria 3a, 12, 20, and the GI endoscopy rule, petitioner is not entitled to relief under N.C. Gen. Stat. § 150B-23(a) (2017). Accordingly, we affirm the ALJ's final decision.
A. Standard of Review
An ALJ's final decision allowing summary judgment is reviewable de novo on appeal, and is properly entered if the order is "allowed by G.S. 1A-1, Rule 12(c) or Rule 56." N.C. Gen. Stat. § 150B-51(d) (2017).
Pursuant to Rule 56 of the North Carolina Rules of Civil Procedure, summary "judgment is appropriate only when the record shows that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." In re Will of Jones , 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (citation and internal quotation marks omitted). "[P]leadings, depositions, admissions, affidavits, answers to interrogatories, oral testimony and documentary materials" may be considered. N.C. Farm Bureau Mut. Ins. Co., Inc. v. Paschal , 231 N.C. App. 558, 563, 752 S.E.2d 775, 779 (2014) (citation and internal quotation marks omitted). All "evidence must be considered in a light most favorable to the non-moving party." Id.
B. Substantial Prejudice
" N.C. Gen. Stat. § 131E-183(a) charges the Agency with reviewing all CON applications utilizing a series of criteria set forth in the statute. The application must either be consistent with or not in conflict with these criteria before a certificate of need for the proposed project shall be issued." Parkway Urology, P.A. v. N.C Dep't of Health & Human Servs., Div. of Health Serv. Regulation, Certificate of Need Section , 205 N.C. App. 529, 534, 696 S.E.2d 187, 191-92 (2010) (citation and internal quotation marks omitted).
Once the agency issues, denies, or withdraws "a certificate of need or exemption or [issues] a certificate of need pursuant to a settlement agreement with an applicant to the extent permitted by law, any affected person" is "entitled to a contested case hearing under Article 3 of Chapter 150B of the General Statutes." N.C. Gen. Stat. § 131E-188(a) (2017). "[A]n 'affected person' includes, inter alios [sic ], 'any person who provides services, similar to the services under review, to individuals residing within the service area or the geographic area proposed to be served by the applicant[.]' " Parkway Urology, 205 N.C. App. at 535-36, 696 S.E.2d at 192 (quoting N.C. Gen. Stat. § 131-188(c) (2017) ).
Pursuant to N.C. Gen. Stat. § 150B-23(a), a petitioner's burden in a contested CON case is to show:
[ (1) ] the agency substantially prejudiced petitioner's rights, and [ (2) ] that the agency also acted outside its authority, acted erroneously, acted arbitrarily and capriciously, used improper procedure, or failed to act as required by law or rule.
Id. at 536, 696 S.E.2d at 193 (emphasis added and omitted). These showings must be separately established. See id. at 539, 696 S.E.2d at 195 (declining to address arguments the agency erred because the petitioner failed to establish it was substantially prejudiced by the award of a CON); Surgical Care Affiliates, LLC v. N.C. Dep't of Health & Human Servs., Div. of Health Serv. Regulation, Certificate of Need Section , 235 N.C. App. 620, 630, 762 S.E.2d 468, 475 (2014) (explaining that a petitioner in a CON case has a "duty to separately establish the existence of prejudice, i.e., to show how the action caused it to suffer substantial prejudice" in addition to a showing the agency acted outside its authority, acted erroneously, acted arbitrarily and capriciously, used improper procedure, or failed to act as required by law or rule).
To establish substantial prejudice, a petitioner must "provide specific evidence of harm resulting from the award of the CON ... that went beyond any harm that necessarily resulted from additional ... competition[.]" Surgical Care Affiliates , 235 N.C. App. at 631, 762 S.E.2d at 476 (citation and internal quotation marks omitted). Such harm "cannot be conjectural or hypothetical. It must be concrete, particularized, and actual or imminent." Id. (citation and internal quotation marks omitted).
Here, petitioner argues it was substantially prejudiced because the agency's review of the CON application was so flawed that the agency could not have meaningfully reviewed respondent-intervenor's CON application, depriving petitioner of: (1) the opportunity to participate in the comment process; and (2) of equal protection under the law. We disagree, and address each argument in turn.
1. Opportunity to Comment
Petitioner first argues that, in accord with Hospice at Greensboro, Inc. v. N.C. Dep't of Health & Human Servs., Div. of Facility Servs. , 185 N.C. App. 1, 647 S.E.2d 651 (2007), it was substantially prejudiced by the agency's actions because it was deprived of the opportunity to comment on respondent-intervenor's CON application.
" [N.C. Gen. Stat.] § 131E-185 sets forth procedures and requirements for the CON review process," and allows "any interested party to submit written comments or make oral comments at the scheduled public hearing." Good Hope Health Sys., L.L.C. v. N.C. Dep't of Health & Human Servs., Div. of Facility Servs., Certificate of Need Section, 189 N.C. App. 534, 563, 659 S.E.2d 456, 473, aff'd sub nom. Good Hope Health Sys., L.L.C. v. N.C. Dep't of Health & Human Servs., Div. of Facility Servs. , 362 N.C. 504, 666 S.E.2d 749 (2008). Pursuant to N.C. Gen. Stat. § 131E-185, the agency is obligated to hear the public's comments before deciding whether appellant met its burden to prove the relevant statutory review criteria have been met "in light of all the evidence before" the agency. Id.
In Hospice at Greensboro , the agency issued a "no review" letter that authorized the respondent-intervenor to open a hospice without first undergoing the CON review required by statute. Hospice at Greensboro , 185 N.C. App. at 5, 647 S.E.2d at 654. Because the CON review set out in N.C. Gen. Stat. § 131E-185 et seq. never occurred, the agency did not provide affected parties the opportunity to participate in a comment process, including the petitioner, a competing health service provider. Id. at 17, 647 S.E.2d at 661. Instead, the agency relied "entirely upon [the applicant's] representations[.]" Id. at 6, 647 S.E.2d at 654. On appeal, our Court held in part "that the issuance of a 'No Review' letter, which results in the establishment of 'a new institutional health service' without a prior determination of need," requiring the statutorily proscribed CON review process take place, "substantially prejudices" a "licensed, pre-existing competing health service provider as a matter of law." Id. at 18, 647 S.E.2d at 662.
Petitioner argues that it was similarly deprived of the opportunity to comment, and, thus, also substantially prejudiced as a matter of law, even though petitioner had the opportunity to submit comments to the agency and to give oral comments at a public hearing. Petitioner bases this argument on its assertion that, had the comments been meaningfully reviewed, the agency would not have disagreed with the comments and would have followed their recommendations. Based on this supposition, petitioner invites us to hold that the failure to follow its recommendations amounted to the nullification of its opportunity to comment.
We decline petitioner's request that we infer its comments were nullified by the agency's disagreement with their contents. There has been no showing that agency errors nullified petitioner's comments, thereby causing substantial prejudice as a matter of law. Instead, the evidence in the record shows petitioner was afforded the opportunity to comment and the agency considered, but disagreed with, petitioner's written and oral comments. Specifically, petitioner and the agency disagree as to whether criteria 3a, 12, 20, and the GI endoscopy rule were appropriately applied by the agency. These disagreements are issues of statutory interpretation and do not nullify the opportunity to comment that was afforded to petitioner.
Therefore, the agency met Hospice at Greensboro 's requirement that petitioner, a relevant CON applicant's competitor that qualifies as an interested party, be offered the opportunity to comment, and that the comments are considered by the agency. See id. at 18, 647 S.E.2d at 662 ; see also Good Hope Health Sys. , 189 N.C. App. at 562, 659 S.E.2d at 473 (explaining the agency's disagreement with comments does not demonstrate that the comments were not considered by the agency). As the agency met this obligation, we disagree with petitioner that it established substantial prejudice pursuant to our holding in Hospice at Greensboro.
2. Equal Protection
We now turn to petitioner's argument that it was substantially prejudiced because it was deprived of equal protection when the agency failed to apply the same criteria to Blue Ridge's application that were applied to CON applications submitted by petitioner from 2014 to 2016, subjecting petitioner to a more rigorous CON review process. We disagree.
"The equal protection principle requires that all persons similarly situated be treated alike. Accordingly, to state an equal protection claim, a claimant must allege (1) the government (2) arbitrarily (3) treated them differently (4) than those similarly situated." Jones v. City of Durham , 183 N.C. App. 57, 61, 643 S.E.2d 631, 634 (2007) (citation and internal quotation marks omitted).
Petitioner has not shown it was deprived of equal protection. All relevant applications were subject to the agency's CON review process. The projects petitioner claims received a more intensive review were previously resolved, and involved different facts and circumstances than the case at bar, which warranted the application of different criteria and findings under N.C. Gen. Stat. § 131E-183(a). Thus, petitioner's argument that it was deprived of equal protection because the agency reviewed the instant application for a CON with less rigor is without merit.
III. Conclusion
For the forgoing reasons, petitioner failed to establish substantial prejudice and, therefore, cannot be entitled to relief under N.C. Gen. Stat. § 150B-23(a). Accordingly, the ALJ did not err by granting summary judgment in respondents' favor. We affirm the ALJ's final decision.
AFFIRMED.
Report per Rule 30(e).
Judges DILLON and MURPHY concur.